JAMES CAPUTO, PETITIONER-RESPONDENT, v. PETER W. KERO, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 15, 1964—Decided June 24, 1964.

Before Judges GAULKIN, FOLEY and LEWIS.

*Mr. Guy H. Haskins* argued the cause for appellant (*Messrs. Haskins, Robottom & Hack,* attorneys; *Mr. David L. Hack,* on the brief).

*Miss Jeanne P. Gallagher* argued the cause for respondent.

The opinion of the court was delivered by

LEWIS, J. A. D. This is an appeal by the employer from a judgment of the Bergen County Court which increased the disability award to an injured employee, James Caputo, from 75% to 100% of total permanent.

The facts are not in dispute. On April 11, 1961 petitioner, an unskilled laborer, suffered a work-connected accident which resulted in the loss of (1) four fingers of the left hand which were amputated at the base of the hand, and (2) the second and third fingers of the right hand, the former being amputated at the middle joint and the latter at the distal joint. Although the first finger of that hand was intact, it was deformed and its flexibility impaired.

Caputo testified as to his difficulties in dressing and in using table utensils. With respect to obtaining a job, he stated:

"I have looked for employment but it seems nobody wants to put me to work. I have gone to a place where they hire, suppose to hire no one else but disabled. I went there and the fellow said if I had a couple more fingers on my left hand he could use me but he said, 'With one finger I cannot use you.' "

At oral argument, counsel for Kero conceded that Caputo properly could be classified as an "odd lot" employee. There is no proof in the record to refute in any evidential manner the testimony supporting petitioner's alleged unemployability. See the opinion of this court in *Lightner v. Cohn,* 76 *N. J. Super.* 461 (1962), certification denied 38 *N. J.* 611 (1962), and the authorities therein cited.

The County Court determined that as a result of the 1961 accident petitioner was rendered permanently disabled and was entitled to a 100% total permanent disability award. Appellant contends that under *N. J. S. A.* 34:15–12 (d) it should receive a credit for compensation paid to petitioner for the loss of the function of the left hand due to a previous compensable accident. Reference was made to a work-connected injury in 1951 when petitioner was compensated for a fracture of the left wrist.

Although that precise question was not raised below, the statute was collaterally mentioned in the employer's trial memorandum submitted to the County Court. Counsel for petitioner does not object to the presentation of that issue here on appeal but urges the inapplicability of that statutory provision to the fact pattern under consideration. The legislative language reads:

"If previous loss of function to the body, head, a member or an organ, due to any previous compensable accident or accidents, is established by competent evidence, and subsequently an injury arising out of and in the course of an employment occurs to that part of the body, head, member or organ, where there was a previous loss, then and in such case, the employer or his insurance carrier at the time of the subsequent injury shall not be liable for any loss for which compensation has previously been paid or awarded. In either event, credit shall be given the employer or his insurance carrier to the extent of the previous loss for which compensation has been paid." (*N. J. S. A.* 34:15–12(d))

Appellant cites us to *Nelson v. Meeker Foundry Co.*, 30 *N. J.* 139 (1959), as supportive authority for the theory advanced. We find that case to be factually distinguishable. There, the workman lost the thumb and first and second fingers of his left hand in 1931 and lost the fourth or little finger in 1956. The two accidents substantially deprived him of the use of his hand. In making an award for 100% disability of the hand, the court allowed a statutory credit for compensation paid under the first accident, saying: "In the absence of the first injury the second could not have resulted in the disability to the entire hand" (at *p.* 148). Not so in the case at bar, which more nearly parallels the situation in *Heidel v. Wallace & Tiernan*, 37 *N. J. Super.* 522 (*Cty. Ct.* 1955), affirmed *per curiam* 21 *N. J.* 335 (1956). Heidel had been compensated for the loss of a hand when he suffered amputation of four fingers as the result of an industrial injury amputation of four fingers as the result of an industrial injury. In a subsequent compensable accident, he suffered amputation of the lower right arm. The court found that the second injury was a new and compensable loss of a

physical function which detracted from the former efficiency of his body in the ordinary pursuits of life and, consequently, there was a new and compensable loss upon which an award for permanent disability was properly predicated. Although the *Heidel* decision was rendered before the passage of *N. J. S. A.* 34:15–12(d), it enunciated principles consistent with that statutory enactment.

Clearly, in the case before us the accidental loss of fingers from both hands is a loss of anatomical members unrelated to a prior wrist fracture. The 1961 accident did not augment a prior functional loss within the intendment of the above-quoted statute. The two injuries are separate and distinct from each other. It was the later injury that disqualified petitioner as a physiological unit in the labor market. There is no legal basis for the credit contended for by appellant.

The judgment of the County Court is affirmed.